**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ERIC KEVONTAY WILLIAMS,

          Petitioner,

vs.                             Case No.:    3:16-cv-789-J-34MCR
                                             3:12-cr-157-J-34MCR

UNITED STATES OF AMERICA,

          Respondent.

_____/

**ORDER**

      This case is before the Court on the parties' responses to the Court's Order of October 4, 2016, which directed the parties to show cause why this case should not be stayed pending the Supreme Court's decision in Lynch v. Dimaya, — S. Ct. —, 2016 WL 3232911, No. 15-1498 (Sep. 29, 2016).  (Doc. 7, Order to Show Cause).

      The United States argues that the Court should not stay the case because even if the Supreme Court holds that the language in 18 U.S.C. § 16(b) is unconstitutionally vague (which is the same language as appears in § 924(c)(3)(B)), Petitioner's Motion to Vacate remains untimely.  (Doc. 8, USA's Response).  The United States contends that, regardless of what happens in Dimaya, Petitioner cannot rely on 28 U.S.C. § 2255(f)(3) and Johnson v. United States, 135 S. Ct. 2551 (2015), to render his Motion to Vacate timely because Johnson said nothing about the residual clause of § 924(c)(3)(B).  See id. at 1.  The United States has filed an accompanying motion to dismiss the Motion to Vacate as untimely.  (Doc. 9, Motion to Dismiss).

1

Petitioner responds that the Court should stay the case pending the decision in Dimaya. (Doc. 10, Petitioner's Response). Petitioner states that "Johnson's application to the residual clause in § 924(c) is an open question in this Circuit." Id. at 2 (citing In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016)).

Indeed it is. In Pinder, the Eleventh Circuit observed that "the language in § 924(c) and § 924(e) is very similar." Id. at 978. Moreover, whether an offense is a "crime of violence" under § 924(c)'s residual clause or a "violent felony" under § 924(e)'s residual clause is determined "categorically," which was one of the problematic features of the residual clause that the Supreme Court identified in Johnson. Id. (citing Welch, 136 S. Ct. at 1262 ("The vagueness of [§ 924(e)(2)(B)(ii)] rests in large part on its operation under the categorical approach."); United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013) (whether an offense is a "crime of violence" under § 924(c) is determined categorically)). Given these similarities, the Eleventh Circuit has determined that Johnson at least opens the gateway for prisoners to file second or successive motions to vacate, pursuant to 28 U.S.C. § 2255(h)(2), if their sentences were based on 18 U.S.C. § 924(c)'s residual clause. In other words, the Eleventh Circuit has determined that prisoners who were sentenced under § 924(c)'s residual clause can at least make a prima facie showing that their motions "contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Pinder, 824 F.3d at 979 (quoting 28 U.S.C. § 2255(h)(2)).[1]

---

[1]     Notably, the test for timeliness under § 2255(f)(3) is similar to the requirements for obtaining authorization to file a second or successive motion to vacate under § 2255(h)(2). Compare 28 U.S.C. § 2255(f)(3) with § 2255(h)(2).

Although the Court has made no decision on the merits of the Motion to Vacate, or on the applicability of § 2255(f)(3), the Court has determined that staying the case pending <u>Dimaya</u> is the best course of action.  The Supreme Court may hold that <u>Johnson</u> does not invalidate § 924(c)'s residual clause, which would be fatal to Petitioner's Motion to Vacate in any event.  The Supreme Court might hold that, although <u>Johnson</u> does not clearly speak to the issue, § 924(c) is unconstitutionally vague.  Alternatively, the Supreme Court might hold that <u>Johnson</u>'s holding clearly applies to § 924(c).  This Court cannot predict the outcome.  However, the Court has determined that staying the case pending <u>Dimaya</u> will greatly inform its final decision.

Accordingly, it is hereby **ORDERED:**

1. This case is **STAYED** pending the Supreme Court's decision in <u>Lynch v. Dimaya</u>, — S. Ct. —, 2016 WL 3232911, No. 15-1498 (Sep. 29, 2016).

2. Within 30 days of the Supreme Court's decision in <u>Dimaya</u>, Petitioner shall notify the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of October, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

lc 19

Copies:

Ashley Washington
Assistant United States Attorney

Danli Song
Assistant Federal Public Defender

Petitioner Eric Kevontay Williams